IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DENISE MACK,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-0812 |
| **SUSAN DEDERER-AMES** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### *I. Background*

Plaintiff Denise Mack, proceeding *pro se*, has sued her former employer Rite Aid of Maryland, Inc., and her former supervisor, Susan Dederer-Ames, and alleged she was discriminated against and retaliated against in violation of Title VII, 42 U.S.C. § 2000e *et seq.* (Compl., ECF No. 1.)  Pending before the Court is Defendants' motion to dismiss for failure to state a claim for relief.  (ECF No. 8.)  Mack has responded (ECF Nos. 12, 14), and Defendants have replied (ECF No. 15).  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  The motion will be granted.

### *II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere

possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### III. Allegations of the Complaint

In a form complaint, Mack alleges she was discriminated against on the basis of race and color and Defendants retaliated against her. (Compl. 1.) Attached to the complaint is a copy of a letter dated May 30, 2014, Mack sent "To whom it may concern," presumably at Rite Aid's headquarters. (ECF No. 1-1.) This one-page document is apparently intended by Mack to supplement the following minimal allegations made in the complaint:

> [r]efuse to treat me with respect using business friendly manners, barely working hours, lie on me that I was aggravating customers, used her friend and outside colleagues to make all of this happen.

(Compl. 2.)

Mack indicated the subject of the May 2014 letter was "Unfair Practice Concerns." (ECF No. 1-1.) The body of the letter is full of disjointed language and is difficult to comprehend. She makes various complaints about Dederer-Ames and another Rite-Aid employee, Jason Michael. The Court infers from the letter that Mack did not like the way Dederer-Ames managed the store; in particular, Mack says Dederer-Ames is not nice to customers, but on the other hand, Mack accuses Dederer-Ames of believing false statements by customers about Mack.

The only statements she makes in relation to alleged discrimination are these: (1) "She does not want to help older Afro-American customers if they seem in need of answers." (2) "She is nothing but discriminatory towards the darker skinned people or people with business class." (*Id.*) Mack also says she was terminated from her employment on August 27, 2014. (Compl. 2.)

## IV. Analysis

Succinctly, Mack's complaint fails to state a claim for relief. In the recent opinion of *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582 (4th Cir. 2015), the Fourth Circuit firmly stated that a complaint brought under Title VII must "allege facts to satisfy the elements of a cause of action created by that statute." *Id.* at 585. Mack's complaint is a general rant against Defendants and is devoid of factual allegations supporting a plausible inference of discrimination or retaliation.

## V. Conclusion

By separate order, Defendants' motion will be granted and the case will be dismissed.

DATED this 20th day of August, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge